IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOE D. MASSEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 12-CV-546-GKF-PJC |
| ) | |
| MATRIX SERVICE COMPANY, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

Before the Court is the Defendant's Motion for Protective Order Staying Discovery Pending Resolution of Its Motion to Reconsider Order of July 12, 2013. [Dkt. No. 19, 20]. Defendant Matrix Service Co. ("Matrix") seeks a stay of discovery while the District Court reconsiders its July 12, 2013 Order denying Defendant's Motion to Enforce Settlement Agreement.

The Federal Rules of Civil Procedure do not specifically provide for a Motion to Reconsider, *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991); however, the motion has become "one of the more popular indoor courthouse sports." *State of La. V. Sprint Communications Co.*, 899 F.S. 282, 284 (M.D. La. 1995). "Such pleadings are becoming an intricate part of motion practice by which the losing party to a motion obtains a second bite at the apple – a chance to reargue and sometimes submit additional argument and

1

authority in support of his lost motion." *Shields v. Shetler,* 120 F.R.D. 123, 126 (D.Colo.1988).

Nevertheless, Courts review these motions and, when appropriate, grant relief. As the Court noted in *Tomlinson v. Combined Underwriters Life Ins. Co.,* 684 f.Supp.2d 1296 (N.D.Okla. 2010):

> The Court treats Plaintiff's Motion to Reconsider as arising under Federal Rule of Civil Procedure 54(b) because the underlying opinion and order is not a final order or judgment. *See Raytheon Constructors, Inc. v. Asarco Inc.,* 368 F.3d 1214, 1217 (10th Cir.2003). The Court may, however, apply the legal standards applicable to a motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e). *See, e.g., Official Comm. of Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand LLP,* 322 F.3d 147, 167 (2d Cir.2003).

*Id.* at 1299.

The Court then outlined the appropriate grounds for relief:

> A motion to reconsider, like a motion to alter or amend judgment, should be granted only upon the following grounds: "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, [or] (3) the need to correct clear error or prevent manifest injustice." *Servants of the Paraclete v. Does,* 204 F.3d 1005, 1012 (10th Cir.2000); *see Adams v. Reliance Standard Life Ins. Co.,* 225 F.3d 1179, 1186 n. 5 (10th Cir.2000).

*Id.*

Under Fed. R. Civ. P. 26(c), a court has broad discretion to grant a protective order, including a stay of discovery. *Chambers v. Bd. Of County Com'rs of County of Eagle,* 2013 WL 4052397, *2 (D. Colo. August 12, 2013). The moving party must establish good cause for such an Order. Fed. R. Civ. P. 26(c).

2

Here, Matrix contends that the Court's ruling on its pending Motion to Reconsider "is likely to finally conclude this litigation." [Dkt. No. 19 at 4]. In other words, Matrix believes the District Court is likely to change its opinion on the same matter it decided two months ago. Matrix contends that following the Court's ruling on its Motion to Enforce, it acquired "new evidence" demonstrating that Plaintiff did not consider certain terms in the proposed Settlement Agreement to be material. [Dkt. No. 19, at 5]. Matrix also argues that a discovery stay will not impact resolution of the pending dispositive motion and that going forward with discovery will caused undue burden on Matrix. [*Id.* at 6-7]. Not surprising, Plaintiff disagrees with Matrix's assessment of all of these issues. [Dkt. No. 22, at 3-5].

This Court has addressed this issue in *Samson Resources Co. v. J. Aron & Co.*, 2009 WL 1606564 (N.D.Okla. June 8, 2009):

> Although it is within a district court's discretion to stay discovery pursuant to Rule 26(c) pending the outcome of a dispositive motion, *see Monreal v. Potter*, 367 F.3d 1224, 1238 (10th Cir. 2004), such stays are not routinely granted by this Court or other district courts within the Tenth Circuit. *See TSM Assoc., LLC v. Tractor Supply Co.*, No. 08-CV-230-JHP-FHM, 2008 WL 2404818, at *1 (N.D. Okla. June 11, 2008) (McCarthy, J.) ("Unless some compelling reason is presented, in the usual case discovery is not stayed as Defendant requests."); *Kutilek v. Gannon*, 132 F.R.D. 296, 297-98 (D. Kan. 1990) ("The general policy in this district is not to stay discovery even though dispositive motions are pending."). Nonetheless, such stays may be appropriate "where the case is likely to be finally concluded as a result of the ruling thereon, where the facts sought through uncompleted discovery would not affect the resolution of the motion, or where discovery on all issues of the broad complaint would be wasteful and burdensome." *Kutilek*, 132 F.R.D. at 298. Factors that courts may consider in deciding whether to grant a stay of discovery include: "(1) plaintiff's

interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest." *Schmaltz v. Smithkline Beecham Corp.*, No. 08-CV-119, 2008 WL 3845260, at *1 (D. Colo. Aug. 15, 2008).

*Id.* at *1.

After reviewing the briefs submitted herein and considering the factors set forth in *Samson Resources* and *Tomlinson*, as well as other applicable legal authority, the Court concludes that Matrix has failed to establish good cause for the relief it seeks.

**ACCORDINGLY**, the Motion for Protective Order Staying Discovery [Dkt. 19, 20] is **DENIED**.

IT IS SO ORDERED this 13th day of September 2013.

_____
Paul J. Cleary
United States Magistrate Judge